IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REGINA F. VALENCIA,

       Plaintiff,

vs.                                                                                1:19-cv-00002-KRS

ANDREW SAUL, Commissioner
of the Social Security Administration,

       Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES**

**THIS MATTER** comes before the Court upon Plaintiff's Petition and Memorandum for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 23), filed September 17, 2019. Having reviewed the motion, Defendant's response in opposition (Doc. 24), and Plaintiff's subsequent reply (Doc. 25), the Court FINDS and CONCLUDES that Plaintiff's motion should be granted as set forth below.

The EAJA was enacted on the premise that some individuals "may be deterred from seeking review of…unreasonable governmental action" due to the resource and expertise disparity between these individuals and the government. H.R. Rep. 96-1148, p. 5. To reduce these deterrents, the Act permits certain prevailing parties to recover attorney fees and other expenses unless the government can establish that its position was substantially justified or the Court finds that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). Neither exception applies in this case.

On January 3, 2019, Plaintiff initiated a civil action against Defendant in this Court to contest Defendant's denial of her claim for disability benefits. (Doc. 1). Per the Court's scheduling order, as extended following Plaintiff's unopposed request (Doc. 17), Plaintiff's

Motion to Reverse or Remand Agency Decision with a Supporting Memorandum of Law was due on or before June 27, 2019. (Doc. 18). On June 14, 2019, thirteen (13) days before Plaintiff's deadline, Defendant filed an Unopposed Motion to Remand for Further Proceedings. (Doc. 20). The Court granted Defendant's motion on June 19, 2019 (Doc. 21), and entered a judgment in favor of Plaintiff. (Doc. 22).

As the prevailing party in the civil action, Plaintiff filed the instant motion requesting EAJA fees in the amount of $2,362.40 for 11.6 hours of work.[1] Plaintiff's attorney, Karl Osterhout, itemizes his time as follows:

> Receipt and review of Appeals Council decision; Review of file; conference w client re appeal to district court: 2.0
>
> Review of prepared complaint and related service documents: .3
>
> Receipt and preliminary review of Defendant's Answer and the Administrative Transcript: 1.0
>
> Review of file; issue identification: 7.3
>
> Conference with Defendant re voluntary remand: .2
>
> Receipt and review of Defendant's Motion to Remand for Reconsideration: .2
>
> Receipt and review of Memorandum Order remanding case; Telephone conference with client re: same: .1
>
> Preparation of Plaintiff's Itemization of Time: .5

(Doc. 23-2).

---

[1] The EAJA limits an attorney's fee award to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor…justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an hourly rate of $202.00 for work performed in 2018, and $204.00 for work performed in 2019. (Doc. 23, p. 2). Defendant does not dispute that Plaintiff is entitled to the requested upward adjustment and the Court finds that these rates are justified as they reasonably reflect cost of living adjustments based on the Consumer Price Index.

Defendant, however, asks the Court to reduce the fee amount requested, arguing that Plaintiff's "billed" hours are excessive. Here, Defendant explains that the "relatively short [administrative] record (554 pages, which included only 200 pages of medical records)," coupled with "the fact that none of Plaintiff's attorney's time entries indicate that he actually started drafting…the opening brief," make Plaintiff's request "excessive." (Doc. 24, p. 3). Defendant concludes his argument with a request that the Court reduce Plaintiff's hours to five (5); two (2) hours for the review of the Appeals Council notice, and three (3) hours for the review of the answer, preliminary review of the transcript, and performance of "other miscellaneous tasks." (*Id.*). The Court is not swayed.

While it is true that Mr. Osterhout's Itemization of Time (Doc. 23-2) does not include any hours allocated to drafting, it does show preparation for Plaintiff's brief which was due less than two (2) weeks before Defendant filed his motion for voluntary remand. Additionally, Defendant's proposal for five (5) hours of expenses is arbitrary at best. It allots two (2) hours to the review of a five (5) page, boilerplate document (AR 1-3), and then reduces all of Plaintiff's remaining expenses by 6.6 hours. This, presumably, allows Mr. Osterhout to expense .7 hours, rather than 7.3 hours, for "Review of file; issue identification." (Doc. 23-2). Further, the Court is unable to follow Defendant's reasoning regarding the time Mr. Osterhout spent reviewing and issue spotting, and the size of the administrative record.

More than five (5) months passed between the date Plaintiff filed her complaint and the date Defendant filed his motion for voluntary remand. The parties are well aware that Social Security cases require a great deal of time to both research and brief. The administrative record does not read like a novel, and the administrative law judge's decision is a complex document that lends itself to both attack and defense in multiple areas. Thus, the Court cannot fault Mr.

Osterhout for the 7.3 hours he spent preparing in anticipation of drafting and filing Plaintiff's motion and memorandum. In sum, the Court is vested with the "discretion to adjust the amount of [EAJA] fees for various portions of the litigation, guided by reason and statutory criteria." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990). And, in this case, the Court is without reason to do so.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Petition and Memorandum for Attorney Fees Under the Equal Access to Justice Act (Doc. 23) is **GRANTED** and **Plaintiff is awarded $2,362.40 in attorney fees** pursuant to the EAJA, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

Payment of this amount shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The EAJA award is without prejudice to Plaintiff's attorney's right to seek attorney fees pursuant to 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE